UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSE TORRES | : | CRIMINAL NO. 3:01CR29(PCD) |
| | : | CIVIL NO. _____ |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA | : | November 8, 2004 |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S 28 U.S.C. §2255 PETITION**

The United States, by Michael J. Gustafson, Assistant United States Attorney, hereby responds to the motion filed by Jose Torres pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence.  On November 19, 2001, the Court sentenced Torres to 120 months imprisonment -- departing downward to the mandatory minimum jail term.  Judgment entered November 20, 2001, and an amended judgment issued November 27, 2001. The defendant did not appeal.  Rather, on September 17, 2003, Torres filed a Motion for Relief from Judgment Pursuant to Rule 60(b)(6).  That motion is pending.  Thereafter, on August 18, 2004, Torres certified that he was mailing the instant Motion to Vacate, Set Aside or Correct his sentence pursuant to 28 U.S.C. § 2255, arguing that:

(1) his Rule 60 motion (still pending) should be treated as part of his § 2255 Application; and

(2) his attorney ineffectively failed to argue for a two-level minor role adjustment pursuant to U.S.S.G. § 3B1.2.

This argument is unavailing, and the court should deny the petitioner's motion.  First, the United States respectfully

submits that the petitioner's claim is time-barred because he did not bring this action within one year of the judgment having become final.  The petitioner's argument fails on the merits as well.

**A.  This Matter Is Time-Barred**

28 U.S.C. 2255 contains a one-year statute of limitations provision that generally requires defendants to file motions for collateral relief within one year after "the judgment of conviction becomes final."  28 U.S.C. 2255 ¶ 6(1).  The one-year period runs from "the latest of" four specified events:  (1) "the date on which the judgment of conviction becomes final"; (2) "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action"; (3) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"; or (4) "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

The court entered judgment on November 20, 2001 and amended the judgment on November 27, 2001.  Thus, allowing the defendant ten days to file an appeal, Mr. Torres had until on or about

December 15, 2002 to file the instant section 2255 motion. Having failed to do so, his claim is barred by the controlling limitations period.

**B.  Defense Counsel Was Not Ineffective**

### Generally

When evaluating claims that a convicted criminal was deprived effective assistance of counsel and is entitled to collateral relief from his conviction, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v. Washington, 466 U.S. 668, 689 (1984).  A defendant's post hoc accusations alone are not sufficient to overcome this strong presumption, as such a holding would lead to constant litigation by dissatisfied criminal defendants and harm the effectiveness, and potentially even the availability, of defense counsel.  See Id.; see also, Korenfeld v. United States, 451 F.2d 770, 775 (2d Cir. 1971) (holding that unsupported allegations by habeas petitioners are insufficient to support collateral relief).  In light of the presumption in favor of counsel, the threshold for an ineffectiveness claim is extremely high.  Courts have "declined to deem counsel ineffective notwithstanding a course of action (or inaction) that seems risky, unorthodox, or downright ill-advised."  Tippens v. Walker, 77 F.3d 682, 686 (2d Cir. 1996).

To prove a violation of his Sixth Amendment right to counsel based on his counsel's alleged ineffectiveness, the petitioner "must meet a difficult two-part test." DeLuca v. Lord, 77 F.3d 578, 584 (2d Cir. 1996). He must establish both "(1) that counsel's performance 'fell below an objective standard of reasonableness,' . . . and (2) that there is a 'reasonable probability' that, but for the deficiency, the outcome of the proceeding would have been different." McKee v. United States, 167 F.3d 103, 106 (2d Cir. 1999) (quoting Strickland, 466 U.S. at 688, 694) (citations omitted). The ultimate goal of the inquiry is not to second-guess decisions by made by defense counsel; it is to ensure that the judicial proceeding is still worthy of confidence despite any potential imperfections, as "'the right to the effective assistance of counsel is recognized not for its own sake, but because of the effect it has on the ability of the accused to receive a fair trial.'" Roe v. Flores-Ortega, 120 S. Ct. 1029, 1037 (2000) (quoting United States v. Cronic, 466 U.S. 648, 658 (1984)).

In assessing the reasonableness of counsel's performance "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689. Showing merely that there were potential strategic errors or that some

decisions were questionable is not sufficient as "[t]here are countless ways to provide effective assistance in any given case." Id. In order to prevail on the first prong of the Strickland test, therefore, the petitioner must conclusively show that, despite the strong presumption in favor of counsel, "under the totality of the circumstances, [Attorney Reeve] failed to exercise the skills and diligence that a reasonably competent attorney would provide under similar circumstances." Boria v. Keane, 99 F.3d 492, 496 (2d Cir. 1996). As a general rule, "'[t]he fact that counsel is prepared and familiar with the relevant facts and legal principles is usually sufficient to defeat a claim that trial counsel was ineffective.'" Farrington v. Senkowski, 19 F. Supp.2d 176, 179 (S.D.N.Y. 1998) (quoting United States v. DiPaolo, 804 F.2d 225, 234 (2d Cir. 1986)).

Even if the petitioner is able to make the difficult showing that his counsel's performance was objectively unreasonable and unprofessional, he still bears the burden of proving that the deficient performance "caused him substantial prejudice." Noble v. Kelly, No. 97 Civ. 6907(LBS), 2000 WL 223823 at *17 (S.D.N.Y. Feb. 28, 2000). To demonstrate prejudice the petitioner must show "a reasonable probability that 'but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Hurel Guerrero v. United States, 186 F.3d 275, 282 (2d Cir. 1999) (quoting Strickland, 466 U.S. 687-88). More

than just simple speculation about potential harms caused by counsel's actions is necessary to support a finding of prejudice. See United States v. Weiss, 930 F.2d 185, 199 (2d Cir. 1991). For prejudice to exist, the established and unprofessional errors of counsel must have been "'sufficient to undermine confidence in the outcome.'" Jackson v. Leonardo, 162 F.3d 81, 85 n.9 (2d Cir. 1998) (quoting Strickland, 466 U.S. at 694).

The presumption in favor of counsel's effectiveness is especially strong in the context of guilty pleas where, as here, the petitioner has openly admitted his guilt and relevant conduct before the Court. See Hill v. Lockhart, 474 U.S. 52, 58 (1985) (applying Strickland test to collateral attack on guilty plea); United States v. Timmreck, 441 U.S. 780, 784 (1979) ("'Every inroad on the concept of finality undermines confidence in the integrity of our procedures . . . The impact is greatest when new grounds for setting aside guilty pleas are approved because the vast majority of criminal convictions result from such pleas.'") (citation omitted). While a guilty plea can be invalid under some circumstances, "[s]olemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal." Blackledge v. Allison, 431 U.S. 63, 74 (1977); See also United States v. Farley, 72 F.3d 158, 163-64 (D.C. Cir. 1995)(holding that mere assertion of innocence by

6

petitioner who had pled guilty is insufficient to justify relief); Ambrosio v. United States, No. 99 CIV. 9626(DC), 2000 WL 109009 at *3 (S.D.N.Y. Jan. 28, 2000) (noting that record of plea proceeding belies petitioner's contention that waiver was not knowing and voluntary).  Absent a corroborative affidavit from his counsel or some other evidence of error beyond the petitioner's bald assertions, "[t]he Court must credit [the petitioner's] sworn plea allocution over his self-serving habeas affidavit."  Paulino v. United States, 964 F. Supp. 119, 124 n.2 (S.D.N.Y. 1997).

The inquiry into the objective reasonableness of counsel's actions is guided by "[p]revailing norms of practice as reflected in American Bar Association standards."  Strickland, 466 U.S. 668, 688 (1984).  With respect to guilty pleas, the Second Circuit has held that the ABA guidelines simply require "'a defense lawyer in a criminal case . . . to advise his client fully on whether a particular plea to a charge appears to be desirable.'"  Boria v. Keane, 99 F.3d 492, 496 (2d Cir. 1996) (quoting ABA Model Code of Prof. Resp., Ethical Consideration 7-7 (1992));  See Purdy v. United States, No. 99-2461, 2000 WL 310000 at *3 (2d Cir. Mar. 27, 2000) (when advising a client regarding a guilty plea "counsel must communicate to the defendant the terms of the plea offer . . . and should usually inform the defendant of the strengths and weaknesses of the case against him.")

(citations omitted). Thus, while counsel is required to provide his client with an informed opinion on the merits of an offered plea, the "decision must ultimately be left to the client's wishes." Boria, 99 F.3d at 497.

### Failure to Seek Minor Role Adjustment

In the present case, the petitioner contends that his attorney was ineffective in having failed to seek a minor role adjustment pursuant to U.S.S.G. § 3B1.2. In making this argument, Mr. Torres ignores that his attorney advanced several claims for a downward departure under the Sentencing Guidelines and, ultimately, secured the lowest possible sentence allowed for by law -- 120 months, or ten years. See 21 U.S.C. § 841(b)(1)(A)(i). In addition, it was due to counsel's advocacy that the government refrained from filing a notice of prior felony narcotics conviction pursuant to section 851 of Title 21 which, if filed, would have doubled the mandatory minimum term of incarceration to 20 years imprisonment.

Thus, Mr. Torres' contention that his attorney rendered ineffective assistance by failing to secure the role adjustment is mooted by the fact that Torres received the most lenient sentence allowable by law. He cannot show the requisite prejudice.

**CONCLUSION**

For the foregoing reasons the petition ought to be denied without further hearing.

> Respectfully submitted,
>
> KEVIN J. O'CONNOR
> UNITED STATES ATTORNEY
>
> _____
> MICHAEL J. GUSTAFSON
> ASSISTANT U.S. ATTORNEY
> FED. BAR NO. ct01503
> 157 CHURCH STREET
> New Haven, CT 06510

**CERTIFICATION OF SERVICE**

This is to certify that the Government's Response to Defendant's § 2255 Petition has been mailed this   day of November, 2004, to:

Jose Torres (14099-014)
FCI
PO Box 2000 (East) Bldg. 5703
Fort Dix, NJ 08640

> _____
> MICHAEL J. GUSTAFSON
> ASSISTANT UNITED STATES ATTORNEY