## UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSE TORRES | : | |
| Plaintiff, | : | |
| | : | Criminal No: 3:01cr29(PCD) |
| vs. | : | Civil No:    04cv1658(PCD) |
| | : | |
| UNITED STATES OF AMERICA | : | |
| Defendant. | : | |

## RULING ON PETITIONER'S MOTIONS UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY AND FOR RELIEF FROM JUDGMENT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 60(b)(6)

Pursuant to 28 U.S.C. § 2255 and Federal Rule of Civil Procedure 60(b)(6), Petitioner moves to have his November 2001 sentence vacated and remanded for an evidentiary hearing. For the reasons stated below, Petitioner's § 2255 Motion (Doc. No. 190) and Rule 60(b)(6) Motion (Doc. No. 186) are **denied**.

## I.  BACKGROUND:

On January 21, 2001, Petitioner Jose Torres was arrested and charged with knowingly and intentionally conspiring to possess with intent to distribute, and to distribute, one kilogram or more of a mixture and substance containing a detectable amount of heroin.  The results of the forensic chemist were submitted to the Assistant United States Attorney on June 1, 2001, showing the net weight of the heroin seized in the arrest to be 997.4 grams.  On August 29, 2001, Petitioner entered a plea of guilty and was sentenced to 120 months of incarceration followed by 60 months of supervised release.  Petitioner is presently serving his sentence in the Federal Correctional Institution in Fort Dix, New Jersey.

1

Petitioner makes two separate claims in his motions.  Petitioner's § 2255 motion claims the ineffective assistance of counsel.  Pet'r Mot. Und'r 28 U.S.C. § 2255.  Petitioner's Rule 60(b)(6) motion claims that his guilty plea was made unknowingly and unintelligently, and begs for relief in order to correct a serious defect and miscarriage of justice.  Pet'r Mot. for Rel'f Pursuant to Fed.R.Civ.P. 60(b).

## II.  STANDARD OF REVIEW:

In reviewing the motions the Court is mindful that Petitioner has proceeded pro se in submitting his petition.  His pleadings shall be construed as raising the strongest arguments suggested.  Graham v. Henderson, 89 F.3d 75 (2d Cir. 1996).

In order to prove a § 2255 claim of ineffective assistance of counsel a convicted defendant must show (1) that counsel's representation fell below an objective standard of reasonableness as measured by prevailing professional norms, and (2) that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.  McKee v. United States, 167 F.3d 103, 106 (2d Cir. 1999) (quoting Strickland, 466 U.S. 688, 694; 104 S.Ct. 2052, 2068; 80 L.Ed.2d 674).  In order to prevail under Rule 60(b) a petitioner must show that exceptional circumstances exist to justify the relief requested.  Nemaizer v. Baker, 793 F.2d 58, 63 (2d Cir. 1986).

## III.  DISCUSSION:

### A.  Petitioner's § 2255 Claim

Petitioner's § 2255 claim is time-barred because he did not bring the action within one year of the final judgment.  In 1996, congress enacted the Antiterrorism and Effective Death Penalty Act (AEDPA) to curb delay and promote finality in federal criminal cases.  Crouch v.

Norris, 251 F.3d 720, 724 (8th Cir. 2001).   The Act's habeas restrictions preclude prisoners from

repeatedly attacking the validity of their convictions and sentences.   Id.   The AEDPA generally

requires defendants to file motions for collateral relief within one year after a conviction becomes

final.   28 U.S.C. § 2255.   However, the AEDPA fails to define "final" with respect to a § 2255

petition.   The Supreme Court has held that where § 2255 petitions are filed by federal criminal

defendants, the statute of limitations runs from "the conclusion of direct review or the expiration

of the time for seeking such review."  Clay v. United States, 537 U.S. 522, 532, 123 S.Ct. 1072,

1079, 155 L.Ed. 2d 88, 97.   Exceptions to the one year limitation have been made in rare and

exceptional cases, Davis v. Johnon, 158 F.3d 806, 811 (5th Cir. 1998) (citing Calderon v. United

States District Court, 128 F.3d, 1283, 1288 (9th Cir. 1997), suggesting that equitable tolling

applies when extraordinary circumstances beyond a prisoner's control make it impossible to file a

timely petition), however Petitioner makes no claim that would entitle him to an equitable tolling

of the statute.   Judgment for the Petitioner was entered on November 20, 2001 and amended on

November 27, 2001.   Petitioner had a maximum of 60 days to file an appeal.[1]   Thus, Torres had

until approximately January 31, 2002 to file his § 2255 motion.   Having failed to do so his claim

is time-barred.   Nevertheless, had his petition been timely it would be denied for the following

reasons.

Petitioner claims that his counsel failed to provide effective representation by not arguing

for a downward departure under the Federal Sentencing Guidelines for Petitioner's mitigating role

or due to coercion and duress caused by the influence of Petitioner's brother and co-conspirator,

---

[1]     Federal Rule of Appellate Procedure 4(a)(B) provides that "When the United States or its officer
or agency is a party, the notice of appeal may be filed by any party within 60 days after the
judgment or order appealed from is entered.  Fed.R.App.P. 4(a)(B).

Hector Torres.  Pet'r Mot. Und'r 28 U.S.C. § 2255 at 1-2.

A lawyer's assistance is deemed ineffective when it falls "below an objective standard of reasonableness" and "there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. at 694.  In assessing the reasonableness of counsel's performance "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689.  Showing merely that there were potential strategic errors or that some decisions were questionable is not sufficient as "[t]here are countless ways to provide effective assistance in any given case." Id.  In order to prevail on the first prong of Strickland, a petitioner must conclusively show that, despite the strong presumption in favor of counsel and under the totality of the circumstances, petitioner's attorney failed to exercise the skills and diligence that a reasonably competent attorney would provide under similar circumstances. Boria v. Keane, 99 F.3d 492, 496 (2d Cir. 1996).  The fact that counsel is prepared and familiar with the relevant facts and legal principles is usually sufficient to defeat a claim that trial counsel was ineffective. Farrington v. Senkowski, 19 F.Supp.2d 176, 179 (S.D.N.Y. 1998) (quoting United States v. DiPaolo, 804 F.2d 225, 234 (2d Cir. 1986).

The presumption favoring counsel's effectiveness is especially strong in the context of guilty pleas where the petitioner has openly admitted his guilt and relevant conduct before the court. See Hill v. Lockhart, 474 U.S. 52, 58 (1985) (applying the Strickland test to a collateral attack on a guilty plea).  While a guilty plea can be invalid under some circumstances, "[s]olemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, U.S. 63,

74 (1977).

The inquiry into the objective reasonableness of counsel's actions is guided by "[p]revailing norms of practice as reflected in American Bar Association standards." Strickland, 466 U.S. at 688. The Second Circuit has held that the ABA guidelines simply require that a defense lawyer in a criminal case advise his client fully on whether a particular plea to a charge appears to be desirable. Boria, 99 F.3d 492 at 496. Thus, while counsel is required to provide his client with an informed opinion on the merits of an offered plea, the decision must ultimately be left to the client. Id. at 497.

Due to the advocacy of Petitioner's attorney, the government refrained from filing a notice of prior felony narcotics convictions pursuant to section 851 of Title 21, which, if filed, would have doubled the mandatory minimum term of incarceration to 20 years imprisonment. Gov'ts Opp'n to Def's 28 U.S.C. § 2255 Pet. at 8. Furthermore, Petitioner's counsel advanced several claims for a downward departure under the Sentencing Guidelines and ultimately secured the lowest possible sentence allowable by law. Id.[2] The favorable result secured by Petitioner's attorney clearly demonstrates the effectiveness of the representation and thus satisfies the first prong of Strickland. The second prong of Strickland, which requires a reasonable probability that but for counsel's unprofessional errors the result of the proceeding would have been different, is satisfied by the fact that Petitioner received the most lenient sentence allowable. Petitioner can not show that his attorney's conduct fell below an objective standard for reasonableness nor can he demonstrate that another legal strategy would have resulted in a more favorable outcome.

---

[2] Petitioner contends that United States v. Hunte, 196 F.3d 687, 694 (7th Cir. 1999) applies to entitle him to a downward departure on his sentence. This argument is mooted by the fact that Petitioner's attorney secured the lowest possible sentence.

There is no prejudice, therefore, and Petitioner's § 2255 would be denied regardless of timeliness.

### B. Petitioner's Rule 60(b)(6) Claim

Petitioner also seeks relief under Rule 60(b)(6).[3]  Motions made under Rule 60(b)(6) must be made within a "reasonable time" and the moving party must show "extraordinary circumstances" to warrant relief.  Rodriguez v. Mitchell, 252 F.3d. 191, 201; See also Troskoski v. ESPN, Inc., 60 F.3d 74, 77 (holding that 16 months was an unreasonable length of time to seek relief under Rule 60(b)(b)(6).  Petitioner filed his Rule 60(b)(6) motion on September 17, 2003, nearly 22 months after judgment was entered, therefore Petitioner's Rule 60(b)(6) motion is time-barred.  Even if Petitioner's Rule 60(b)(6) motion were timely, the motion fails on the merits.

Rule 60(b) allows a court to relieve a party from a final judgment for reasons of "(1) mistake, inadvertence, surprise, or excusable neglect;[4] ... or (6) any other reason justifying relief from the operation of the judgment."  Fed.R.Civ.P. 60(b).  Motions under Rule 60(b) are within the trial court's discretion and are only granted under exceptional circumstances or to avoid an extreme and undue hardship.  Mendell v. Gollust, 909 F.2d 724, 731-32 (2d Cir. 1990).

The Petitioner claims that his guilty plea was made neither knowingly nor intelligently, specifically, that he was never informed that the actual weight of the heroin seized was 3 grams short of the 1 kilogram or more specified in the indictment.  Petitioner further claims that Assistant United States Attorney Michael Gustafson and Probation Officer Joseph Montesi conspired to keep this information from the court.  Pet'r Mot. for Rel'f Pursuant to Fed.R.Civ.P.

---

[3]    Petitioner did not take a direct appeal but rather raises this issue pursuant to Rule 60(b)(6), which does not apply to habeas petitions.  Esposito v. Manson, 65 F.R.D. 658 (D. Conn. 1975).  However given the significance of the claim and in the interests of justice the Court will address the merits.

[4]    Motions under Rule 60(b)(1) must be made within one year after the judgment, order, or proceeding was entered or taken, Fed.R.Civ.P. 60(b)(6), therefore Petitioner is time-barred from the benefit of that provision.

60(b) at 6.  Petitioner contends that this "error of  Constitutional Magnitude" falls within the

ambit of Rule 60(b)(6).[5]  Pet'r Mot. for Rel'f Pursuant to Fed.R.Civ.P. 60(b) at 2-3.  The

government concedes that if this single drug quantity were all that was involved in the conspiracy

Petitioner "might have a point."  Gov't[s] Resp. to Mot. for Rel'f at1.  However, the government

offered credible evidence that Petitioner Torres, along with several others, conspired from

approximately November 2000 to January 21, 2001, to possess and distribute one kilogram or

more of a mixture and substance containing a detectable amount of heroin.[6]  When Petitioner

entered his plea the government explained to both Petitioner and his counsel that the charge

involved criminal activity spanning that three month period.[7]  Id. at 2.  Accordingly, the

---

[5]     Petitioner inserts the "mistake, inadvertence, excusable neglect or the discovery of new evidence" language of clause (b)(1) into clause (b)(6), presumably to skirt the one year statute of limitations for motions under Rule 60(b)(1).  Pet'r Mot. for Rel'f Pursuant to Fed.R.Civ.P. 60(b) at 2.  However relief under Rule 60(b)(6) is not granted for mistake, inadvertence, excusable neglect or the discovery of new evidence, but is available only where extraordinary circumstances exist.  Fed.R.Civ.P. 60(b)(6).

[6]     The government has attached a supporting affidavit from Kathy D. Shumaker, Special Agent of the FBI, which details Petitioner's involvement in the ongoing heroin trafficking conspiracy from October 15, 2000 to January 21, 2001.  This affidavit was made available to Petitioner upon his arrest.  Gov't's Resp. to Mot. for Rel'f at 2.

[7]     Petitioner does not raise a Blakely issue, however given the prevalence of Blakely claims it is worth noting that even if Petitioner had raised a Blakely claim, it is unclear whether Blakely would apply to this matter.  Under Blakely, facts supporting an exceptional sentence must be either admitted by the petitioner or found by a jury in order to comply with a criminal defendant's 6th amendment right to try by jury.  Blakely v. Washington, 124 S. Ct. 2531, 2537; 125 L.Ed.2d 98.  In order for the Petitioner to benefit from Blakely he would need to show that his admissions before the court were fundamentally different from those on which his sentence was based, in other words, that in computing his sentence, the court imputed facts somehow unknown to the Petitioner at the time of his guilty plea.  Petitioner claims that his guilty plea was based on his erroneous belief that (1) the one kilogram charged in the indictment referred only to the heroin seized on the day of his arrest and (2) that the weight of the heroin seized during the arrest was indeed one kilogram or more.  If Petitioner could prove these claims he still would not benefit from Blakely, because he also plead guilty to the charge of conspiracy.  In doing so Petitioner implicated his knowledge of the scope of the drug trafficking activity to which his charged attached.  Additionally, when Petitioner entered his plea he was adequately represented by counsel who most certainly advised him of the scope of the charge.  Finally, even if Petitioner's claims had merit a Blakely claim would be barred because Blakely is not retroactively applicable to cases on collateral review.  Green v. United States, 397 F.3d 101 (2d Cir. 2005).  The recent Supreme Court case, United States v. Booker, 125 S. Ct. 738, which makes the Federal Sentencing Guidelines advisory and thereby allows district courts to tailor sentences in light of other statutory concerns is

Petitioner's involvement in the conspiracy greatly exceeded the 997 grams seized on the night of his arrest, and as a result the controlling drug quantity for sentencing purposes was greater than one kilogram of heroin.  Id. at 1.  Petitioner, while adequately represented by counsel, pled guilty to violations under 21 U.S.C. § 841(a), prohibiting the manufacture, distribution, or possession of a controlled substance, and 21 U.S.C. § 846, which subjects anyone who conspires to commit any offense to the same penalties as those prescribed for the offence.  (Doc. No. 13 at 1-2.)  Petitioner was aware that the charge referenced his illegal drug activity over several months, therefore it cannot be said that his plea was entered into unknowingly or unintelligently.

The Petitioner relies on United States v. Marmolejos to support his claim that the actual weight seized in his January 21, 2001 arrest should control for the purposes of applying the sentencing guidelines.  In Marmolejos, a jury found the defendant guilty of possession with intent to distribute a negotiated purchase of 5.00 kg of cocaine.  The evidence showed that the defendant had delivered 4.96 kg at the time of the sale.  The Third Circuit vacated and remanded the judgment of sentence, basing its ruling on a post-sentencing amendment to the sentencing guidelines.  Note 12 of that amendment provides that where the sale of a controlled substance has been completed and the amount delivered differs from the agreed upon amount to sell, it is the amount delivered that more accurately reflects the scale of the offense.  U.S. Sentencing Guidelines Manual § 2D1.1(c) (1998), note 12.  Thus, Marmolejos makes a distinction between the amount intended for sale and the amount actually transferred during the sale.  If Petitioner had been convicted on the weight of his intended sales then Marmolejos might apply.  However Petitioner was convicted on actual sales and deliveries completed over the course of several

---

also inapplicable. Even if Booker were applicable, the Second Circuit has ruled that Booker does not apply to cases on collateral review.  Guzman v. United States, No. 03-2446-pr, 2005 U.S. App. LEXIS 5700, at *12 (2nd Cir. April 8, 2005).

months, therefore the issue of intent is not implicated and <u>Marmolejos</u> is inapplicable.

Petitioner knew that he was being charged with possession with intent to distribute more than one kilogram of a controlled substance and further knew that the conspiracy charge involved drug trafficking activity over a period of three months. Petitioner received the lowest term possible under the guidelines for the offense to which he pled, therefore Petitioner has no cause for relief under Rule 60(b)(6).

Finally, even if Petitioner was entitled to a sentencing rehearing based on the weight of the heroin seized at his January arrest, Petitioner might very well receive an identical, or even longer sentence. The Federal Sentencing Guidelines provide for a term of imprisonment of 97 - 121 months for possession of more than 500 grams but less than 1 kilogram of a controlled substance. If Petitioner's prior convictions were taken into account, this term could extend to more than eleven years. U.S. Sentencing Guidelines Manual § 2D1.1(c)(5). Thus, Petitioner has not shown that he was prejudiced by the outcome of his plea bargain.

There are no exceptional circumstances present to justify a relief from judgment therefore Petitioner's motion for relief under Rule 60(b)(6) cannot be granted, and is denied.

## IV.  CONCLUSION:

For the reasons stated herein, Plaintiff's Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct his sentence (Doc. 190) and Motion for Relief From Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6) (Doc. 186) are **denied**.

SO ORDERED.

Dated at New Haven, Connecticut, April  25 , 2005

_____
/s/
Peter C. Dorsey, U.S. District Judge
United States District Court

9

10